BOB-BOYD LINCOLN MERCURY ET AL., APPELLANTS, *v.*
HYATT ET AL., APPELLEES.

[Cite as Bob-Boyd Lincoln Mercury *v.* Hyatt (1987), 32 Ohio St. 3d 300.]

(No. 86-1487—Decided September 9, 1987.)

*Schnorf & Schnorf, David M. Schnorf* and *Christopher F. Parker,* for appellants.

*Earl, Warburton & Adams, Andrew S. Adams* and *Dick M. Warburton, Jr.,* for appellee Robert Hyatt.

*Zonak, Poulos & Hunter, Thomas D. Hunter* and *Andrew W. Cecil,* for appellee Progressive Casualty Insurance Company.

*Per Curiam.* The issue presented in this action is whether Hyatt was an insured under "Coverage Part 500" of the Universal policy at the time of the accident. We find in the negative and reverse the judgment of the court of appeals with regard to this issue.

The court of appeals found Hyatt to be covered under Coverage Part 500 of the Universal policy issued to Bob-Boyd. Coverage Part 500 is labelled "Garage Insurance" and provides coverage not only with respect to "Garage Operations" but also with respect to "Auto Hazard." "Auto Hazard" is defined as:

"* * * [T]he ownership, maintenance or use of any AUTO YOU own or which is in YOUR care, custody or control and: (1) used for the purpose of GARAGE OPERATIONS or * * * (3) furnished for the use of any person or organization."

Coverage Part 500 defines "insured" as follows:

"WHO IS AN INSURED * * *
"* * *

"With respect to the AUTO HAZARD:
"1. YOU;
"* * *

"3. Any other person or organization *required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission.*" (Emphasis added.)

The court of appeals held that Hyatt was required by law to be an insured at the time of the accident pursuant to R.C. 4509.51(B) and 4509.101(A)(1). Both sections are part

of Ohio's current motor vehicle financial responsibility laws.

R.C. 4509.51 provides in pertinent part:

"Every owner's policy of liability insurance:
"* * *

"(B) Shall insure the person named therein and any other person as insured, using any such motor vehicle with the express or implied permission of the insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such vehicles * * *."

Appellants contend essentially that R.C. 4509.51(B) does not require that Hyatt be considered an insured within the meaning of Coverage Part 500. We agree. Appellants maintain that the policy would include coverage pursuant to R.C. 4509.51(B) only if the policy had been "certified" as proof of financial responsibility pursuant to R.C. 4509.46. As authority for this argument, appellants rely upon our decision in *Moyer* v. *Aron* (1964), 175 Ohio St. 490, 26 O.O. 2d 130, 196 N.E. 2d 454.

*Moyer* involves a factual scenario similar to the case at bar. Aron was given permission to test drive a 1958 Mercury automobile by an employee of the Hunter Motor Company, an automobile dealer. While operating this vehicle, Aron collided with a bicycle, killing the plaintiff's son. Aron had a policy of automobile insurance issued to him by the Travelers Insurance Company. The 1958 Mercury was covered under Hunter's insurance policy issued by Universal Underwriters Insurance Company. The plaintiff's action on a supplemental petition contended that Aron was insured under the policy issued to Hunter. This court held that Aron was not covered under Hunter's policy and provided the following syllabus:

"1. There is no provision in the Financial Responsibility Act requiring a person to purchase an automobile 'owner's policy' of insurance except under circumstances set forth in Section 4509.31, Revised Code.

"2. A person is not an insured under an automobile insurance policy unless such person is defined as an insured by the terms of the policy, except where such policy has been 'certified' under the provision of R.C. 4509.46, Revised Code, and thereby the definition of who is an 'insured' under the policy has been modified to conform to the provisions of the statute. (Section 4509.51, Revised Code.)"

Appellees argue that appellants' reliance upon *Moyer* is misplaced. This was the view adopted by the court of appeals which stated:

"*Moyer* * * * is not dispositive of the issues herein * * *. * * * [T]he policy in *Moyer* expressly provided that the policy would include coverage pursuant to R.C. 4509.151 [*sic*] only if the policy were certified pursuant to R.C. 4509.46. The *Moyer* court found that, in light of the certification provisions of the policy therein involved, a person using the insured vehicle with permission of the owner was not an insured unless the policy had been certified pursuant to R.C. 4509.46, focusing upon the language of the policy with respect to the definition of insured. The policy herein, however, expressly provides that a person using the vehicle with permission of the owner is an insured if required to do so by law. The difference in policy language between the instant policy and that involved in *Moyer* compels a different result. The policy in *Moyer* expressly provided that it would afford such coverage only if certified; whereas the policy herein contains no such limitations."

However, in our view, a thorough reading of the Financial Responsibility Act (R.C. 4509.01 *et seq.*), *Moyer* and *Iszczukiewicz* v. *Univeral Underwriters Ins. Co.* (N.D. Ohio 1960), 182 F. Supp. 733, indicates that *Moyer* is directly on point with the cause *sub judice*.

R.C. 4509.01(L) defines a "motor vehicle liability policy" as an " '*owner's policy*' or an 'operator's policy' of liability insurance, *certified* as provided in Section 4509.46 * * * as proof of financial responsibility, * * * to or for the benefit of the person named therein as insured." (Emphasis added.) R.C. 4509.45 provides that one way of showing proof of financial responsibility, *when required,* is by filing a certificate of insurance as provided in R.C. 4509.46 or 4509.47. R.C. 4509.46 states in pertinent part: "Proof of financial responsibility may be furnished by filing with the registrar of motor vehicles the written certificate of any insurance carrier authorized to do business in this state certifying that there is in effect a *motor-vehicle liability policy* for the benefit of the person to furnish proof of financial responsibility." (Emphasis added.) R.C. 4509.51, as shown above, then provides what is required in an "owner's policy" of insurance.

Thus, the statutory language is clear that an insurance policy, such as the one in the case at bar, can be modified to make it comply with the Financial Responsibility Act, and specifically the provisions of R.C. 4509.51, *only* where the policy has been *certified* as proof of financial responsibility. At no time prior to Hyatt's accident was Bob-Boyd required to show proof of financial responsibility and have its insurance policy "certified." In the absence of such facts, only the terms of the policy define who is an insured.

Moreover, following a discussion

of the relevant statutes and policy provisions, *Moyer* states:

"There is no provision in the Financial Responsibility Act requiring a person to purchase an 'owner's policy' of insurance except under certain circumstances set forth in the act (See Section 4509.31, Revised Code) which are not present in this case. The policy issued by the appellant is not such an 'owner's policy,' and there is no showing in the record that the policy was ever 'certified' to make it comply with the Financial Responsibility Act. Until such certification, the policy remains as issued, and all terms, conditions, and definitions, including the definition of who is an 'insured,' remain unchanged.

"*Further this court disapproves of the holding in the case of Iszczukiewicz v. Universal Underwriters Ins. Co.* (D.C. Ohio), 182 F. Supp., 733, *cited in appellant's brief, to the extent that the holding imposed liability on the insurer with respect to an accident by applying the Financial Responsibility Act rather than the terms of the coverage stated in the policy.*" (Emphasis *sic.*) *Id.* at 493, 26 O.O. 2d at 132, 196 N.E. 2d at 456.

In *Iszczukiewicz*, a customer of a used car dealership was involved in an accident while test driving an automobile owned by the dealership. The injured party filed an action for declaratory judgment seeking to hold the defendant insurer liable under the dealership's garage liability policy. The policy contained a provision which stated that it would comply with the financial responsibility laws of any state. The customer was not defined as an insured under the terms of the policy. Additionally, the policy did not contain a provision providing for coverage only upon certification such as the provision in *Moyer* and the policy had not been certified pursuant

to R.C. 4509.46. Despite these facts, the federal district court applied the statute and held that R.C. 4509.51 required the customer to be covered under the dealership's policy. In effect, the decision required all automobile owners to carry an "owner's policy" as defined by R.C. 4509.51.

For this court to affirm the decision of the court of appeals in the cause *sub judice* and apply the provisions of the statute instead of the terms of the policy, we would have to adopt the reasoning and holding of the court in *Iszczukiewicz*. We decline to do so as a result of our prior disapproval of the holding in *Iszczukiewicz*.

Furthermore, the soundness of the syllabus adopted in *Moyer, supra,* is reinforced by the interpretations of other courts that have construed the financial responsibility laws of Ohio prior to 1984. In *Duffey* v. *Dollison* (C.A. 6, 1984), 734 F. 2d 265, the court construed Ohio's Financial Responsibility Act to require proof of financial responsibility only when a driver had failed, within a reasonable time, to satisfy a judgment for damages arising from an automobile accident or had been convicted of certain serious traffic offenses. *Id.* at 266. *Duffey* further states: "The Ohio Act has as its object the protection of the public from financially irresponsible motorists who have proved unwilling or unable to satisfy a judgment arising from an automobile accident. *The statute embodies a 'one-bite' approach to achieving this purpose by permitting motorists the privilege of driving without any proof of financial responsibility until they incur an accident related judgment and fail to satisfy it within 30 days.*" (Emphasis added.) *Id.* at 269. We find *Duffey* to be consistent with our holding in *Moyer* to the extent that the Financial Responsibility Act did not *require* a person to purchase an

"owner's policy" of insurance meeting the requirements of R.C. 4509.51 except under certain circumstances when proof of financial responsibility was required.

An owner of an automobile could carry voluntary automobile liability insurance which did not meet the requirements of R.C. 4509.51 for an "owner's policy" of insurance. However, the law was clear that a certificate of the existence of an owner's policy or operator's policy[2] of insurance was necessary to constitute proof of financial responsibility following an accident or conviction on certain serious traffic offenses.[3] While the Financial Responsibility Act, as constituted prior to 1984, may have subtly encouraged automobile owners to carry an "owner's policy" of insurance pursuant to R.C. 4509.51,[4] it by no means required that such a policy be carried. Not until a liability policy was to be "certified" as proof of financial responsibility did it have to meet the requirements of R.C. 4509.51. *Brown v. Insurance Co.* (1978), 63 Ohio App. 2d 87, 17 O.O. 3d 267, 409 N.E. 2d 253.

We therefore conclude that the syllabus adopted in *Moyer, supra,* is dispositive with regard to the application of R.C. 4509.51 to the facts of the instant action. At no time prior to Hyatt's accident was Bob-Boyd required to have its Universal policy certified as proof of financial responsibility. Under those circumstances, the terms of the policy control who is an insured, not the statute. Therefore, with regard to R.C. 4509.51(B) and Coverage Part 500, Hyatt was not "required by law to be an INSURED"

while using the automobile owned by Bob-Boyd.

Appellees further contend that Hyatt was "required by law to be an INSURED" at the time of the accident pursuant to R.C. 4509.101(A). This section was also cited by the court of appeals as its second reason for distinguishing our holding in *Moyer, supra.* R.C. 4509.101(A) provides in relevant part: "(1) No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to his operation of that vehicle."

The reliance of appellees and the court of appeals on R.C. 4509.101(A) is misplaced. R.C. 4509.101(A) does not *require* that every owner and operator of a motor vehicle in this state maintain automobile liability insurance. R.C. 4509.101(A) requires that *proof of financial responsibility* be maintained by an owner or operator. R.C. 4509.01(K) defines "proof of financial responsibility" as "proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle in the amount of twelve thousand five hundred dollars because of bodily injury to or death of one person in any one accident, in the amount of twenty-five thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of seven thousand five hundred dollars because of injuries to property of others in any one accident."

R.C. 4509.45 provides in relevant part that "[p]roof of financial responsibility when required under section 4507.022, *4509.101,* 4509.32 * * * of the Revised Code may be given by filing *any* of the following:

---

[2] R.C. 4509.52.

[3] R.C. 4509.45.

[4] R.C. 4509.19(A)(5).

"(A) A certificate of insurance as provided in section 4509.46 or 4509.47 of the Revised Code;

"(B) A bond as provided in section 4509.59 of the Revised Code;

"(C) A certificate of deposit of money or securities as provided in section 4509.62 of the Revised Code;

"(D) A certificate of self-insurance, as provided in section 4509.72 of the Revised Code * * *." (Emphasis added.)

While an automobile insurance policy may be the simplest to obtain and the most logical way of maintaining proof of financial responsibility, it is not the *only* way to maintain proof of financial responsibility in accordance with R.C. 4509.101(A). Thus, R.C. 4509.101(A) does not mandate that Hyatt was "required by law" to be an *insured* while using the automobile owned by Bob-Boyd.

Furthermore, assuming that R.C. 4509.101(A) did require that Hyatt be an insured, that section is not applicable to this action. R.C. 4509.101 did not become effective until *January 1, 1984. South Euclid* v. *Jemison* (1986), 28 Ohio St. 3d 157, 28 OBR 250, 503 N.E. 2d 136.[5] The accident in the case at bar occurred on April 22, 1983. R.C. 4509.101 was not effective at the time Hyatt was using the automobile owned by Bob-Boyd. The relevant cov-

erage part includes as an insured "[a]ny other person or organization required by law to be an INSURED *while using an AUTO* covered by this Coverage Part * * *." (Emphasis added.) Thus, because the accident occurred on April 22, 1983, R.C. 4509.101(A) is not applicable.[6]

Based on the foregoing, Hyatt was not a person "required by law to be an INSURED" while using 'the covered automobile within the scope of Bob-Boyd's permission. We therefore hold that Hyatt was not an insured under Coverage Part 500 of the Universal policy issued to Bob-Boyd. As a result of our holding and the holding of the court of appeals declining to find coverage under other coverage parts of the Universal policy, we find that Hyatt was not covered under the policy issued to Bob-Boyd by Universal.

Accordingly, we reverse the judgment of the court of appeals with respect to Coverage Part 500 and enter final judgment for appellants.

*Judgment reversed.*

MOYER, C.J., LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.

SWEENEY, J., dissents.

---

[5] See 139 Ohio Laws, Part I, 679, 686, 699.

[6] As a result of our determination that

R.C. 4509.101 is not applicable to the instant facts, we decline to address appellants' remaining propositions of law which revolve around the statute.