SMITH ET AL., APPELLEES, *v.*
HERITAGE MUTUAL INSURANCE
COMPANY, APPELLANT.

(No. 9-87-38—Decided June 3, 1988.)

*Wilson & Kochheiser* and *Robert E. Wilson,* for appellees.

*Wiedemann & Taube* and *Donald H. Taube,* for appellant.

COLE, J. This is an appeal by the defendant, Heritage Mutual Insurance Company, from a declaratory judgment from the Court of Common Pleas of Marion County.

The plaintiff Robert Smith was the owner of a vehicle that was insured by the defendant insurance company. Smith allowed Lester R. Saxton to drive his vehicle while Smith was a passenger. Saxton did not have any insurance of his own at the time. A single-car accident occurred and the plaintiff passenger, Smith, was injured.

The plaintiff filed claims with Heritage Mutual under his liability and uninsured motorist provisions but his claims were rejected. Smith then sought a declaratory judgment.

The trial court, in a very detailed memorandum decision, determined that the exclusions of the insured under the liability provision were not void as against public policy. The court next determined the issue of uninsured motorist coverage and concluded that the plaintiff-appellee was entitled to recover under that provision.

From this decision the defendant now appeals asserting a single assignment of error which is stated as follows:

"The trial court erred in ruling that the exclusionary language of the uninsured motorist coverage did not bar recovery to plaintiff."

The crux of the defendant's argument is that the insurer and insured are free to contract as they wish and can specifically exclude the insured and his relatives from coverage.

The defendant claims that the plaintiff could never recover under the uninsured motorist provision based on the facts of this case. The policy, by definition, excludes any vehicle as an uninsured motor vehicle if it is "owned by, furnished to, or available for regular use" by an insured or a relative and hence the defendant asserts that there is no coverage available to the plaintiff under the terms of this policy.

R.C. 3937.18(A)(1) states:

"* * *

"(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, *for the protection of persons insured thereunder* who are legally entitled to recover damages from owners or *operators* of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom[.] * * * [Emphasis added.]"

The statute specifically states that uninsured motorist coverage is "for the protection of the persons insured thereunder." It was the intention of the legislature in enacting the uninsured motorist statute to provide protection to insured parties, under their own policies, for bodily injuries or death caused by an owner or operator of an uninsured motor vehicle.

The plaintiff-appellee could not re-

cover under the liability provision of the policy since the named insured and his relatives were specifically excluded, by an exclusion provision, and the trial court so held. This portion of the judgment is not appealed and, hence, for purposes of this appeal no issue as to that determination is involved.

The issue before this court is whether the insured could recover under the uninsured motorist provision in this particular policy.

The driver or "operator" of the vehicle, Saxton, did not have his own insurance and therefore was not insured. According to R.C. 3937.18, Saxton would therefore be an uninsured motorist. But under this policy, the plaintiff would still be unable to recover under the uninsured motorist provision since he was injured in his own vehicle.

Heritage Mutual Insurance Company has, *by definition only* and not by a specific exclusion, narrowed the statutory definition of what is an uninsured motor vehicle by specifically excluding an insured vehicle "owned by, furnished to, or available for regular use" by the insured or a relative.

This attempt by the insurance company to limit coverage is by an impermissible means since it is a limiting definition of the term "uninsured motor vehicle" diminishing the statutory term. This term has a definite and unambiguous meaning and necessarily includes a motor vehicle owned by the insured and which either has no liability coverage or as to which the insurance company denied coverage. But here, by virtue of a special definition limiting the statutory meaning, there is no coverage to the owner.

An insurer cannot issue policies that offer less coverage than is mandated by statute. An insured may specifically contract to exclude coverage for a specific occurrence or to a specific person but it cannot do so by redefining statutory language.

The trial court correctly followed the case of *State Farm Mut. Auto. Ins. Co.* v. *Nester* (Miss. 1984), 459 So. 2d 787. This court, which incorporates by reference the memorandum decision of the trial court, adopts the reasoning of *Nester, supra.*

In *Nester, supra,* where the facts as well as the Mississippi statute are very similar to our own, the Supreme Court of Mississippi refused to permit any contractual limitations of uninsured motorist coverage where it would narrow the statutory requirements.

An insurer may provide broader coverage, but it may not restrict statutorily mandated requirements.

Therefore, the appellant's assignment of error is not well-taken.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.