FREDERICK ET AL., APPELLANTS, *v.* WESTFIELD COMPANIES, APPELLEE.

(No. L-88-189—Decided January 20, 1989.)

*Robert M. Scott,* for appellants.
*Timothy C. James,* for appellee.

*Per Curiam.* This matter is before the court on appeal from a judgment of the Lucas County Court of Common Pleas.

Plaintiffs-appellants, Mary A. Frederick and her son, Matthew L. Frederick, a minor, were passengers in a car driven by Douglas A. Frederick, husband of Mary and father of Matthew, when it was involved in a single-vehicle accident on April 16, 1986. Appellants were injured and Douglas Frederick died as a result of the injuries he received in that accident.

Defendant-appellee, Westfield Insurance Company, issued an automobile liability policy to appellants which was in effect at the time of the accident. Appellee subsequently denied coverage to appellant under the policy on the basis of exclusions in both the liability and uninsured motorist sections of the policy.

Appellants filed a complaint for declaratory judgment against appellee, Westfield Companies, on July 27, 1987. Appellee answered the complaint on August 25, 1987, referring to itself as the Westfield Insurance Company. On February 5, 1988, appellee moved for summary judgment pursuant to Civ. R. 56(C). This motion was granted, over appellants' opposition, in a judgment entry dated June 3, 1988. It is from this judgment that appellants appeal, setting forth the following three assignments of error:

### Assignment of Error I

"The Trial Court erred in granting Defendant-Appellee's Motion for Summary Judgment as a genuine issue of material fact exists as to the validity of the household exclusionary clause contained in Plaintiffs-Appellants' insurance policy issued by Westfield Companies."

### Assignment of Error II

"The Trial Court erred in granting Defendant-Appellee's Motion for Summary Judgment as a genuine issue of material fact exists as to whether uninsured motorist coverage is available under Appellants' insurance policy."

### Assignment of Error III

"The Trial Court erred in granting summary judgment because it relied on *Dairyland Insurance Company* v. *Finch* (1987), 32 Ohio St. 3d 360, which is clearly distinguishable from the case at bar."

In their first assignment of error, appellants assert that the trial court erred in granting summary judgment, contending that a genuine issue of material fact exists as to the validity of the household exclusionary clause contained in appellants' insurance policy. The subject exclusionary clause reads as follows[1]:

"EXCLUSIONS

"* * *

"A. We do not provide Liability Coverage for any person:

"* * *

"10. For bodily injury to anyone related to that person by blood, marriage or adoption who is a resident of the same household. This includes a ward or foster child."

On a motion for summary judgment, the moving party has the burden of showing that no genuine issue exists

---

[1] It has been stipulated by the parties that Douglas, Mary and Matthew Frederick were residents of the same household.

as to any material fact and that he is entitled to judgment as a matter of law. ‾See *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47.

"Pursuant to Civ. R. 56(C), summary judgment may be granted when it appears from the evidence submitted that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." *Adkins* v. *Ontario* (1983), 8 Ohio St. 3d 45, 46, 8 OBR 406, 407, 457 N.E. 2d 317, 318.

The Supreme Court of Ohio recently evaluated a situation nearly identical to the case *sub judice*. See *Dairyland Ins. Co.* v. *Finch* (1987), 32 Ohio St. 3d 360, 513 N.E. 2d 1324. The basis of appellants' first argument is that the *Finch* decision is flawed and illogical. Further, appellants urge the court to abandon the reasoning employed in *Finch* and find that household or intrafamilial exclusionary clauses are void as against public policy.

Appellants and appellee offer a similar interpretation of the *Finch* opinion. Appellants state, in relevant part, that the Supreme Court of Ohio held "* * * that the household exclusion or interfamilial [*sic*] exclusion clauses contained in *both* the liability and uninsured motorists sections of an automobile insurance policy are valid exclusions and not void as against public policy." (Emphasis ours.)

Appellee's construction of the *Finch* opinion is that "* * * exclusionary clauses, similar to those in this action, [are] not ambiguous, nor contrary to public policy."

Our reading of the *Finch* decision indicates that both interpretations are essentially accurate *vis-a-vis* the uninsured motorist provisions. However,

we are reluctant to extend *Finch* to include an absolute pronouncement on general household exclusionary clauses.

The syllabus of *Finch* provides:

"1. A person is not an insured under the liability provisions of an automobile insurance policy unless defined by the terms of the policy as an insured; provided, however, that when the policy has been 'certified' under the provisions of R.C. 4509.46 or 4509.47, the definition of who is an 'insured' under the policy must conform with R.C. 4509.51 *et seq*. (*Moyer* v. *Aron* [1964], 175 Ohio St. 490, 26 O.O. 2d 130, 196 N.E. 2d 454, and *Bob-Boyd Lincoln Mercury* v. *Hyatt* [1987], 32 Ohio St. 3d 300, 513 N.E. 2d 331, approved and followed.)

"2. Public policy does not prevent the issuance and enforcement of an automobile liability insurance policy containing a reasonable exclusionary clause, within the uninsured motorist provision, prohibiting intrafamilial recovery of damages against the issuer of the policy. (*Shearer* v. *Shearer* [1985], 18 Ohio St. 3d 94, 18 OBR 129, 480 N.E. 2d 388, followed and extended.)"

When interpreting Mrs. Finch's liability claim, the court found that she was "* * * clearly not insured under the language of the policy. * * *" *Finch, supra,* at 362, 513 N.E. 2d at 1326. The court further held that "* * * a person is not an insured under the liability provisions of an automobile insurance policy unless defined by the terms of the policy as an insured * * *." *Id.* at 362, 513 N.E. 2d at 1327. See *Moyer* v. *Aron, supra,* and *Bob-Boyd Lincoln Mercury, supra.*

Specifically, the court found that the following clause prevented Mrs. Finch from being "an insured" under her late husband's policy:

" 'The liability insurance of this policy doesn't apply to bodily injuries or property damage suffered by the person named on the declarations page, or to *anyone who is a member of the family of the person named on the declarations page and who lives with that person.'* " (Emphasis *sic.*) *Id.* at 361, 513 N.E. 2d at 1326.

In a footnote, the court referred to the above as an "exclusion," noting that the "exclusion" appeared elsewhere in the policy. *Id.* at 361, 513 N.E. 2d at 1326, fn. 2.

A careful analysis of this section of *Finch* indicates that the court never expressed its opinion regarding the public policy considerations of such a household exclusionary clause. Contrary to the belief of both parties, the court merely found that Mrs. Finch was not "an insured" under her husband's liability coverage. *Id.* at 362, 513 N.E. 2d at 1326. Similarly, in the case *sub judice,* appellants were not insured under the liability portion of Douglas Frederick's automobile policy. In fact, they were clearly *uninsured.*

Accordingly, appellants have failed to establish that there is a genuine issue of material fact as to the alleged invalidity of the exclusionary clause in the aforementioned liability insurance policy. For the aforestated reasons, we find appellants' first assignment of error not well-taken.

In their second assignment of error, appellants contend that there was a genuine issue of material fact as to whether uninsured motorist coverage was available to appellants under the policy. Appellants place particular emphasis on the dissent of Justice Sweeney in *Finch,* arguing that if the family exclusion is enforced then the insured driver becomes "uninsured" with regard to the appellant-family members. See *Finch, supra,* at 367, 513 N.E. 2d at 1331 (Sweeney, J., dissenting).

Appellants' uninsured motorist provision reads, in relevant part, as follows:

"We will pay damages which a cov-

ered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:

"* * *

"However, 'uninsured motor vehicle' does not include any vehicle or equipment:

"1. Owned by or furnished or available for the regular use of you or any family member."

The term "you" is defined within the policy as "* * * [t]he 'named insured' shown in the Declarations [*i.e.,* Douglas and Mary Frederick] and * * * [t]he spouse if a resident of the same household." The term "family member" is defined as "* * * a person related to [the insured] by blood, marriage or adoption who is a resident of your household."

After a thorough analysis, the Supreme Court of Ohio held that such exclusionary clause within the uninsured motorist provision was not void or unenforceable as being against public policy. See *Finch, supra,* paragraph two of the syllabus. Faced with language similar to the case *sub judice,* the *Finch* court held that such household exclusionary clauses have long been recognized in Ohio. *Id.* at 365, 513 N.E. 2d at 1329, citing *Moyer, supra.* Additionally, the court noted that its judgment was "in accord with the vast majority of jurisdictions having addressed this issue. * * *" *Id.*

Our examination of the *Finch* decision also indicates that appellants' argument, which is focused on the abolishment of parental and interspousal immunity, is misplaced. Appellants argue that allowing such exclusionary clauses to stand is contrary to the Supreme Court of Ohio's holding in *Kirchner* v. *Crystal* (1984), 15 Ohio St. 3d 326, 15 OBR 452, 474 N.E. 2d 275 (parental immunity abolished), and *Shearer* v. *Shearer* (1985), 18 Ohio St. 3d 94, 18 OBR 129, 480 N.E. 2d 388

(interspousal immunity abolished). Appellants assert that such familial exclusionary clauses have allowed insurance companies to resurrect the immunities.

In responding to a similar argument, the *Finch* court stated that a determination of whether these clauses should continue is legislatively, rather than judicially, based. *Finch, supra,* at 366, 513 N.E. 2d at 1330.

"* * * After the abolishment of interspousal tort immunity in *Shearer* v. *Shearer, supra,* the legislature did not see fit to prohibit the use of these clauses in uninsured motorist coverage." *Id.*

Addressing appellants' and the trial court's concerns regarding the alleged bargaining disparity between an Ohio motorist and his insurance company, we return once again to *Finch:*

" 'Perhaps such coverage should be sold; perhaps it should not. That is not for this court to decide; it is for the marketplace, and for the buyers and sellers of insurance to decide. What this court should not do is put artificial and outmoded restrictions on the market in that type of coverage. * * *' " *Id.* at 365, 513 N.E. 2d at 1329, quoting *Shearer, supra,* at 101, 18 OBR at 135, 480 N.E. 2d at 395.

The *Shearer* court also stated:

"* * * No company will issue a policy which will lead to collusive fraudulent losses, but if there is a willing seller of insurance coverage, and a willing buyer of the policy, there should be few, if any, restrictions on the sale of that policy." *Shearer, supra,* at 101, 18 OBR at 135, 480 N.E. 2d at 395.

Accordingly, summary judgment was the proper resolution of appellants' claims under the uninsured motorists' provision of the policy. For the aforementioned reasons, we find appellants' second assignment of error not well-taken.

In their final assignment of error, appellants argue that the trial court's reliance on *Finch, supra,* was misplaced because it is "clearly distinguishable" from the case *sub judice.* Appellants assert that in *Finch,* the possibility of collusion existed, whereas in the instant case, such a consideration is not paramount.

In its assessment of Mrs. Finch's assertion that the uninsured motorist exclusion was void as against public policy, the Supreme Court of Ohio grouped its analysis into four sections. The fourth, and final, section reached the collusion issue. The court found that Mrs. Finch had been appointed administratrix of her husband's estate and had, in essence, sued herself seeking damages for injuries incurred in the automobile accident. *Finch, supra,* at 366, 513 N.E. 2d at 1330. The court also found that the attorney representing Mrs. Finch as plaintiff also served as the attorney for the estate. *Id.*

While we agree with appellants' contention that the same degree of collusion is simply not probable in the case *sub judice,* we do not find that a possibility of collusiveness was the driving force behind the *Finch* decision. In contrast, our evaluation of *Finch* indicates that the court was merely stating yet another reason to uphold the validity of such a clause.

"Without question, the factual posture of the underlying proceeding demonstrates the necessity for insurance carriers to be able to invoke reasonable exclusions and, as such, we are not persuaded that the subject exclusion is either unreasonable or repugnant to the purpose or intent of the General Assembly when R.C. 3937.18 was enacted." *Id.*

The absence of facts mirroring *Finch* is not fatal in its application to the case *sub judice.*

In concluding their argument, appellants make a brief, and virtually unsupported, attempt to distinguish their case from *Finch* on the basis of the format in which the exclusions appear. Our evaluation of the facts presented indicates that appellants' exclusions were clearly stated in the policy and were not actively concealed by appellee. Further, courts in Ohio have held than an "* * * insured is charged with knowledge of the contents of his own insurance contract." *Grange Mut. Cas. Co.* v. *Fodor* (1984), 21 Ohio App. 3d 258, 262, 21 OBR 302, 306, 487 N.E. 2d 571, 575.

For the aforestated reasons, we find appellants' third assignment of error not well-taken.

On consideration whereof, the court finds substantial justice has been done the parties complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER and FRANKLIN, JJ., concur.

ROBERT V. FRANKLIN, JR., J., retired, of the Court of Common Pleas of Lucas County, sitting by assignment.