GEORGE, Admr., et al., Appellants,

v.

**OHIO CASUALTY GROUP OF INSURANCE COMPANIES, Appellee.**

[Cite as *George v. Ohio Cas. Group of Ins. Cos.* (1989), 65 Ohio App.3d 416.]

Court of Appeals of Ohio,
Lorain County.

No. 89CA004579.

Decided Nov. 29, 1989.

*Larry E. Coey,* for appellants.

*Earl R. McGimpsey,* for appellee.

---

BAIRD, Judge.

This cause came before the court upon the appeal of the administrator of the estate of Lillian K. Woodard, David C. George, and Rachel Woodard from the trial court's dismissal of the appellants' complaint. We affirm.

Edward Woodard, owner and operator of a vehicle insured by appellee, was hit by a police cruiser as he was attempting to turn left from State Route 47 onto the I–75 southbound entrance ramp. His wife, Lillian, and his daughter, Rachel, were passengers in the car at the time of the accident. Lillian was killed, and Rachel sustained serious injuries. At the time of the accident, a policy of insurance was in effect that provided liability and uninsured motorist coverage in the amounts of $50,000 per person and $100,000 per accident. The Ohio Casualty Group of Insurance Companies ("Ohio Casualty") issued the policy to Edward.

The administrator of Lillian's estate and Rachel submitted claims under the liability provision of Edward's policy. On December 24, 1986, Ohio Casualty denied coverage based upon the family exclusion clause contained within an endorsement to the liability section. It stated that:

"We do not provide Liability coverage for any person for bodily injury to you or any family member."

Upon being denied coverage under the liability portion of the policy, the appellants filed claims for uninsured motorist benefits. Ohio Casualty also denied these claims based upon the definition of what constituted an uninsured motor vehicle under the policy.

The appellants filed a complaint for declaratory judgment against Ohio Casualty to determine the validity of the provisions in the agreement upon which the insurance company premised its denial of coverage. Ohio Casualty brought in Edward Woodard on a third-party complaint to resolve the issue of whether it had a duty to defend him. Ohio Casualty subsequently moved to dismiss the appellants' complaint, moved in the alternative for summary

judgment, and also moved for summary judgment on the third-party complaint. These motions relied upon the exclusionary language contained in the policy's liability and uninsured sections.

The trial court granted the insurance company's motion for summary judgment on the third-party complaint, ruling that Ohio Casualty did not have a duty to defend its insured under the terms of the policy. The journal entry granting summary judgment did not mention the appellee's motion to dismiss. This court dismissed the appeal for lack of a final order. The trial court subsequently dismissed the complaint on the same basis as it granted the summary judgment on the third-party complaint. It is from this dismissal that the appellants bring their appeal.

### Assignment of Error

"I. The trial court erroneously granted the defendant and third party plaintiff-appellee's motion for summary judgment.

"A. The family member exclusion contained in the liability portion of the tortfeasor's automobile insurance policy is an invalid and unenforceable policy exclusion.

"B. An insurer cannot, by definition only, narrow the statutory definition of an insured motor vehicle."

Initially, the appellants claim that the family exclusion clause contained in the liability portion of the policy is repugnant to R.C. 4509.51. Appellants contend that when viewed as self-executing, R.C. 4509.51 requires Ohio Casualty to provide them with coverage. On first blush, the language of R.C. 4509.51 would appear to support their argument:

"Every owner's policy of liability insurance:

"(A) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby granted;

"(B) Shall insure the person named therein and any other person, as insured, using any such motor vehicles with the express or implied permission of the insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such vehicles within the United States or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle * * *."

The flaw in appellants' position is made apparent upon a closer reading of the statute. The policy of liability insurance referred to in R.C. 4509.51 possesses a specific statutory meaning. It is defined in R.C. 4509.01(L) as:

" * * * an 'owner's policy' or an 'operator's policy' of liability insurance, certified as provided in section 4509.46 or 4509.47 of the Revised Code as

proof of financial responsibility, and issued, except as provided in section 4509.47 of the Revised Code, by an insurance carrier authorized to do business in this state, to or for the benefit of the person named therein as insured."

The Financial Responsibility Act, R.C. 4509.01 *et seq.*, requires proof of financial responsibility in the form of a certified insurance policy only after the driver has failed to satisfy a judgment for damages arising from a car accident within a reasonable time or when the driver has been convicted of certain traffic offenses. *Bob–Boyd Lincoln Mercury v. Hyatt* (1987), 32 Ohio St.3d 300, 303, 513 N.E.2d 331, 334. Thus, the Ohio Legislature does not require all persons who carry automobile insurance to comply with the mandates of the Act. Thus, R.C. 4509.51 is not self-executing and is triggered only when the insurance policy has been certified. If the policy in effect at the time of the accident was not certified, then it is the language of the policy that controls. *Id.* at 302, 513 N.E.2d at 333; *State Farm Mut. Ins. Co. v. Callison* (Aug. 3, 1988), Wayne App. No. 2348, unreported, 1988 WL 82425.

In *Dairyland Ins. Co. v. Finch* (1987), 32 Ohio St.3d 360, 513 N.E.2d 1324, the Supreme Court of Ohio addressed the applicability of R.C. 4509.51 in the context of a situation factually similar to the case at bar. In *Dairyland*, the wife was injured in a car driven by her husband. She brought a claim under her husband's liability portion of his policy. The insurer denied the claim, based on the family exclusion clause. The insurer brought a declaratory judgment action to determine if the policy provided coverage. The trial court found that the wife was excluded from coverage. On appeal, the wife argued that the family exclusion clause violated the requirement of R.C. 4509.51 that every owner's policy of insurance would insure the person named in the policy and any other permissive user of the covered vehicle. The Supreme Court disagreed and held " * * * that a person is not an insured under the liability provisions of an automobile insurance policy unless defined by the terms of the policy as an insured; provided, however, that when the policy has been 'certified' under the provisions of R.C. 4509.46 or 4509.47, the definition of who is an 'insured' under the policy must conform with R.C. 4509.51 *et seq.*" *Id.* at 362, 513 N.E.2d at 1327.

In *Dairyland*, the record was devoid of any evidence that the policy at issue was certified. Thus, the family exclusion clause was controlling.

The appellants argue that in deciding *Dairyland*, the Supreme Court misconceived the certification process and in reaching its decision did not realize that most insurance policies are not certified. We find quite to the contrary that the Supreme Court recognized that a certified copy of an insurance policy was only necessary when proof of financial responsibility had to be demonstrated. *Id.* at 362, 513 N.E.2d at 1326. Furthermore, by citing

*Bob–Boyd Lincoln Mercury, supra,* the Supreme Court implicitly acknowledged that it was aware of when it was necessary to certify an automobile insurance policy. In *Bob–Boyd Lincoln Mercury,* the Supreme Court explained the purpose of the Financial Responsibility Act:

" \* \* \* 'The Ohio Act has as its object the protection of the public from financially irresponsible motorists who have proved unwilling or unable to satisfy a judgment arising from an automobile accident. The statute embodies a 'one bite' approach to achieving this purpose by permitting motorists the privilege of driving without any proof of financial responsibility until they incur an accident related judgment and fail to satisfy it within 30 days.' " *Id.,* 32 Ohio St.3d at 303, 513 N.E.2d at 335.

Its decision in *Dairyland* certainly reflects the court's understanding of the statutory certification process.

■ The appellants also claim that if Ohio Casualty's denial of liability coverage was proper, they should have been considered uninsured for the purpose of collecting uninsured motorist benefits. Ohio Casualty denied coverage based upon a clause in the uninsured motorist provisions of the policy that reads:

"However, 'uninsured motor vehicle' does not include any vehicle or equipment:

"1. Owned by or furnished or available for the regular use of you or any family member."

The appellants note that the exclusionary language was contained in the definition portion of the policy instead of in the exclusion portion. It is their contention that the policy definition of an uninsured motor vehicle contradicts the statutory mandate of uninsured coverage under R.C. 3937.18(D). In support of their proposition, they cite *Smith v. Heritage Mut. Ins. Co.* (1988), 48 Ohio App.3d 67, 547 N.E.2d 1235. The Marion County Court of Appeals struck down the definition of an uninsured vehicle which excluded from coverage the vehicle where it was owned by, furnished to, or available for regular use "by an insured or relative." The court held that:

"This attempt by the insurance company to limit coverage is by an impermissible means since it is a limiting definition of the term 'uninsured motor vehicle' diminishing the statutory term. This term has a definite and unambiguous meaning and necessarily includes a motor vehicle owned by the insured and which either has no liability coverage or as to which the insurance company denied coverage. But here, by virtue of a special definition limiting the statutory meaning, there is no coverage to the owner.

"An insurer cannot issue policies that offer less coverage than is mandated by statute. An insured may specifically contract to exclude coverage for a specific occurrence or to a specific person but it cannot do so by redefining statutory language." *Id.*, 48 Ohio App.3d at 69, 547 N.E.2d at 1236–1237.

In light of the Supreme Court's decision in *Dairyland* and taking into consideration decisions from other jurisdictions, we decline to adopt the position articulated by the third district.

In *Dairyland*, the court upheld the exclusionary language included in the uninsured motorist portion of the policy. The court noted that the intent of R.C. 3937.18, which was to provide insureds with protection against drivers without coverage, was not violated by the exclusionary language. *Dairyland, supra,* 32 Ohio St.3d at 364, 513 N.E.2d at 1328. According to the *Dairyland* court, the car in which the appellant was riding when she was injured was covered. That coverage, however, was not available to her as an insured because of the exclusion. Although the policy in *Dairyland* did not contain the exclusionary language within the definition of an uninsured vehicle as it does in the present policy, we find *Dairyland* controlling. The crux of the Supreme Court's decision is the right of an insurance company to contract with the insured in order to protect itself against collusive suits brought by family members. *Id.* at 365, 513 N.E.2d at 1329.

In the past, this court has acknowledged the right of insurance companies to limit coverage in a provision which defines that coverage. In *Kirschbaum v. Midwestern Indemn. Co.* (May 6, 1987), Summit App. Nos. 12427 and 12428, unreported, 1987 WL 10919, we upheld the insurer's denial of underinsured coverage based upon exclusionary language used by the insurer as part of its definition of an underinsured motor vehicle. See, also, *State Farm Mut. Ins. Co., supra.* Our opinion is consistent with decisions rendered by our sister courts involving exclusions that were part of the terms defining the coverage. *E.g., Taylor v. Taylor* (Feb. 2, 1989), Cuyahoga App. No. 54927, unreported, 1989 WL 7940; *Lab v. Globe American Cas. Co.* (Feb. 13, 1989), Stark App. No. CA–7579, unreported, 1989 WL 11487; *Frederick v. Westfield Cos.* (1989), 59 Ohio App.3d 34, 570 N.E.2d 1141.

We conclude that the trial court properly dismissed the appellants' complaint based upon the exclusionary language of the liability and uninsured motorist portions of the policy issued by Ohio Casualty. Appellants' assignment of error is not well taken; the judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, P.J., and QUILLIN, J., concur.