STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Plaintiff–Appellee,

v.

Donald McCAULEY and David McCauley, Defendants–Appellants.

No. 90–3260.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 14, 1990.

Decided Dec. 26, 1990.

James R. Gallagher (argued), Hamilton, Kramer, Myers & Cheek, Columbus, for plaintiff-appellee.

Robert M. Morrow (argued), Means, Bichimer, Buckholder & Baker, Columbus, Ohio, for defendants-appellants.

Before KENNEDY and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.

PER CURIAM.

The defendants-appellants, Donald McCauley, Administrator of the Estate of

Roland L. McCauley, and David McCauley, Administrator of the Estate of Burhma J. McCauley, appeal the district court's grant of summary judgment to the plaintiff-appellee, State Farm Mutual Automobile Insurance Company ("State Farm"), in its action for a declaratory judgment that State Farm was not liable for the claims being asserted by the Estate of Burhma J. McCauley against the Estate of Roland L. McCauley, that State Farm had no duty to defend the Estate of Roland L. McCauley against any claims brought on behalf of the Estate of Burhma J. McCauley, and that the defendants-appellants' claims were not covered by either the bodily injury liability or the uninsured motorist coverage portion of the State Farm policy. For the reasons that follow, we affirm.

## I.

The parties stipulated that the following facts were true. On or about December 6, 1986, Roland L. McCauley was operating a 1985 Ford pickup truck at or near a railroad grade crossing near 186 Street and Chicago Avenue in Lansing, Illinois. At that time, Burhma J. McCauley, the wife of Roland L. McCauley, was riding as a passenger in the vehicle. The McCauley vehicle was struck by a train at the railroad crossing, and, subsequently, both Roland L. McCauley and Burhma J. McCauley died as a result of injuries received in that accident.

A claim was made on behalf of the Estate of Burhma J. McCauley against the Estate of Roland L. McCauley asserting that Roland L. McCauley was negligent and that his negligence proximately caused Burhma J. McCauley to suffer bodily injury which resulted in her death. State Farm had in effect a policy of automobile insurance which it had issued to Roland L. and Burhma J. McCauley on the 1985 Ford pickup truck involved in the accident in question. The policy contained provisions for liability coverage and uninsured motorist coverage.

Because the policy contained a "household exclusion," State Farm denied that its bodily injury liability coverage in its policy covered the Estate of Roland L. McCauley for the claim for the wrongful death of Burhma J. McCauley. As a result of State Farm's denial of liability coverage to the Estate of Roland L. McCauley for the wrongful death claim made against it by the Estate of Burhma J. McCauley, a claim was made by the Estate of Burhma J. McCauley direct to State Farm under the uninsured motorist provisions of its policy. State Farm then denied that the uninsured motorist provisions contained in the policy provided coverage to the Estate of Burhma J. McCauley for the accident in question.

On January 24, 1989, State Farm filed an amended complaint in the district court against the administrators of the McCauleys' estates seeking a declaratory judgment. On February 7, 1989, both administrators filed answers. In its amended complaint, State Farm requested that the district court declare that the "household exclusion" contained within the bodily injury liability section of the State Farm policy excluded any coverage for the wrongful death claim being asserted against the Estate of Roland L. McCauley by the Estate of Burhma J. McCauley, and that the exclusions contained within the uninsured motorist coverage portion of the State Farm policy excluded any and all claims for uninsured motorist coverage made by the Estate of Burhma J. McCauley. On August 30, 1989, State Farm filed a motion for summary judgment and on September 15, 1989, appellants filed a cross-motion for summary judgment.

On December 1, 1989, the district court filed a memorandum and order denying appellants' cross-motion for summary judgment and granting State Farm's motion for summary judgment awarding State Farm the declaratory relief that it sought in its amended complaint. The district court held that the State Farm policy's "household exclusion" was applicable to the survivors of Burhma J. McCauley, that the "household exclusion" was not void as being against public policy, and that the policy's definition of an uninsured motor vehicle did not conflict with the statutory definition of an uninsured motor vehicle under Ohio Re-

vised Code section 3937.18 and was therefore enforceable. Summary judgment was entered thereon, and this timely appeal followed.

Appellants state in their brief: "For the purposes of this appeal, the defendants-appellants will limit the issue on appeal to whether or not the Administrator of the Estate of Burhma J. McCauley was entitled to coverage under the *uninsured motorist coverage provisions* of the State Farm policy." (Emphasis added.)

## II.

### A.

A party may obtain summary judgment if the evidentiary material on file shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A grant of summary judgment is reviewed *de novo, Pinney Dock & Transport Co. v. Penn Central Corp.*, 838 F.2d 1445, 1472 (6th Cir.), *cert. denied*, 488 U.S. 880, 109 S.Ct. 196, 102 L.Ed.2d 166 (1988), viewing all facts and inferences in the light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### B.

Appellants argue that the district court committed error in granting summary judgment to State Farm since the district court permitted State Farm to improperly limit and restrict, in its policy, the definition of an "uninsured motor vehicle" as defined in Ohio Revised Code Annotated section 3937.18. Appellants argue that, within the section of the policy dealing with uninsured motor vehicles, State Farm has made an "inappropriate" and "invalid" attempt to restrict the uninsured motorist coverage mandated by the Ohio statute.

Appellants contend that State Farm cannot effect an exclusion by changing the statutory definition of an uninsured motor vehicle.

Ohio Revised Code Annotated section 3937.18 mandates the offering of uninsured and underinsured motorist coverage. That section states that "a motor vehicle is uninsured if the liability insurer denies coverage...." Ohio Rev.Code Ann. § 3937.18(D). Although that language would seem to indicate that the vehicle in question was uninsured because State Farm had denied liability coverage pursuant to the "household exclusion" contained in the policy, Ohio courts have recognized that the statute was not intended by the Ohio legislature to be so inflexible.

In *Dairyland Insurance Co. v. Finch*, 32 Ohio St.3d 360, 366, 513 N.E.2d 1324, 1330 (1987), the Ohio Supreme Court recognized that there was a "limited amount of flexibility" incorporated into Ohio Revised Code Annotated section 3937.18 and that some of the other language in the statute should be "interpreted as a 'legislative recognition of an insurer's right to define an uninsured automobile'" in a manner not inconsistent with the statute. (Citations omitted). In *Globe American Casualty Co. v. Goodman*, 41 Ohio App.2d 231, 236, 325 N.E.2d 257, 261 (1974), it was stated that the purpose of section 3937.18 was "to protect an insured motorist, under his own policy, from the effects of personal injury resulting from *an accident with another motorist* who carries no insurance." (Emphasis added). *See also Dairyland*, 32 Ohio St.3d at 364, 513 N.E.2d at 1328–29 (quoting *Holt v. State Farm Mut. Auto Ins. Co.*, 486 S.W.2d 734, 737 (Tenn.1972)) (where court recognized that purpose of the statute was not to provide uninsured motorist coverage to person riding in a car covered by liability insurance even though that person was excluded because of a provision in the insurance policy).

The appellants rely on *Smith v. Heritage Mutual Insurance Co.*, 48 Ohio App.3d 67, 547 N.E.2d 1235 (1988),[1] a case decided

---

**1.** We note that in a case nearly identical to the    case at hand the court rejected the *Smith* hold-

approximately nine months after *Dairyland* was decided, which came to a result opposite from *Dairyland*. *Smith*, however, makes no mention of *Dairyland* or the policy it recognizes. Appellants argue that the present case is distinguishable from *Dairyland* because the insurance policy here in question does not contain a specific exclusion but, like the policy in *Smith*, contains a "re-definition" of the term "uninsured motor vehicle." However, since *Dairyland* was decided by the Supreme Court of Ohio, it is controlling.

For purposes of comparison, the language of the policy in *Dairyland* and the language of the State Farm policy at issue here are as follows. The *Dairyland* policy provided:

### EXCLUDED UNINSURED MOTOR VEHICLES

A *motor vehicle* owned by *you* or furnished for *your* regular use isn't an uninsured *motor vehicle*.

*Dairyland*, 32 Ohio St.3d at 362, 513 N.E.2d at 1327. The State Farm policy at issue in this case provides:

An **uninsured motor vehicle** does not include a land motor vehicle:

1. insured under the liability coverage of this policy;

2. furnished for the regular use of you, your spouse or any relative;

. . . .

Based on the Supreme Court of Ohio's decision in *Dairyland*, we reject appellants' argument that the provision in the State Farm policy, which lists what an uninsured motor vehicle does not include, improperly restricts the statutory definition of an uninsured motor vehicle. In *Dairyland*, it was argued that an uninsured motor vehicle exclusion, which is very similar to the language in the State Farm policy in this case, was void as being against public policy in light of the Ohio legislature's enactment of Ohio Revised Code Annotated section 3937.18. In rejecting that argument, the *Dairyland* court set forth several reasons for its decision, the first of ing. *State Farm v. Alexander*, No. 14531, 1990

which was the fact that the vehicle in which the plaintiff sustained her injuries carried liability insurance protection, and, although she was excluded from coverage under the policy, the exclusion did not contravene the purpose or intent of the Ohio legislature in promulgating section 3937.18. 32 Ohio St.3d at 364, 513 N.E.2d at 1329. The court noted that "absent specific legislation to the contrary, such exclusions are the proper subject for the marketplace." *Id.*, 32 Ohio St.3d at 365, 513 N.E.2d at 1329. The court also noted that "there is no language in [section] 3937.18 prohibiting insurance companies seeking to minimize possible collusive suits from excluding coverage to family members." *Id.* Further, the *Dairyland* court observed that its judgment was "in accord with the vast majority of jurisdictions having addressed this issue." *Id.* (citations omitted).

In *Fellouzis v. State Farm Mutual Automobile Insurance Co.*, No. CA–7527, 1988 WL 110791 (Ohio Ct.App. Oct. 17, 1988) (1988 Ohio App. Lexis 4168) (unpublished opinion), the court was faced with an argument similar to that advanced by appellants in this case. In that case the appellant argued that "[t]he trial court erred in failing to find that a clause in an insurance policy which defines 'uninsured motor vehicle' more narrowly than the statutory definition of the same—as contained in a statute mandating insurers to provide uninsured motorists coverage—is void and unenforceable as against public policy." *Id.* The court held that the policy in no way denied uninsured motorist coverage because, according to the specific terms of the policy, such coverage was provided.

In this case, the district court correctly concluded that the McCauley vehicle was not an "uninsured motor vehicle" because the State Farm policy expressly states that an uninsured motor vehicle does not include a vehicle insured under the liability coverage of the policy. Moreover, that determination is not inconsistent with the legislative purpose behind the Ohio uninsured motorist statute.

WL 108744 (Ohio Ct.App. Aug. 1, 1990).

The only difference between the policy provision in *Dairyland* and the policy provision in this case is that the provision in *Dairyland* was labeled as an exclusion, whereas the policy provision in this case is a definition of an uninsured motor vehicle. We believe that the Ohio Supreme Court would view this to be a distinction without a difference. In this connection, we would point out that the State Farm definitions of an uninsured motor vehicle have the same purpose that the court recognized in *Dairyland; i.e.,* to minimize collusive suits. There is no specific legislation to the contrary, and the reasons the court gave in *Dairyland* are equally applicable here. Finally, the policy language is clear and fully informs the insured of the coverage. Therefore, we hold that the district court did not err in rejecting appellants' argument that the State Farm policy impermissibly narrowed the statutory definition of an "uninsured motor vehicle" and that it did not err in granting State Farm summary judgment.

### III.

Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.