## Coppola
### v.
### Buckeye Union Ins. Co.
*[Cite as 8 AOA 296]*

*Case No. 89 CA134*
*Mahoning County, (7th)*
*Decided December 31, 1990*

*James L. Pazol, 21 N. Wickliffe Circle, Youngstown, Ohio 44515, for Plaintiff-Appellant.*

*Glenn R. Osborne, 306 Legal Arts Centre, Youngstown, Ohio 44503, for Defendant-Appellee.*

COX, J.

This matter presents a timely appeal from a decision of the Mahoning County Common Pleas Court granting summary judgment in favor of defendant-appellee, The Buckeye Union Insurance Co. and against plaintiff-appellant, Mary Coppola.

On June 18, 1985, appellant was injured in a single car accident when an automobile operated by appellant's husband, Joseph Coppola, left the roadway at the intersection of North Ave. and Cooper St. in Lowellville, Ohio. As a result of the incident, appellant suffered permanent and disabling injuries. At the time of the accident, appellant's husband was covered under an insurance policy issued by appellee. In 1987, appellant filed a lawsuit against her husband and the appellee as her husband's insurer. Subsequently, the appellee denied liability and uninsured motorist coverage based on the intrafamilial exclusionary language in the policy. The policy in question contains an endorsement under the liability coverage section which states:

"We do not provide Liability Coverage for any person for bodily injury to you or any family member."

The policy also contains an exclusion contained in the uninsured motorist section which states:

"A. We do not provide Uninsured Motorists Coverage for bodily injury sustained by any person:

"1. While occupying, *** any motor vehicle owned by you or any family member ***." (Part C).

On August 22, 1988, appellant filed a declaratory judgment action against the appellee to determine whether coverage existed under the policy issued by the appellee for appellant's husband. The trial court granted appellee's motion for summary judgment in a judgment entry dated August 11, 1989, concluding the appellant could not recover for her injuries under the liability and/or uninsured motorist coverage sections of the policy. This timely appeal followed.

Appellant's sole assignment of error states:

"The Trial Court erred to the prejudice of Plaintiff-Appellant by granting Defendant-Appellee's Motion for Summary Judgment when it concluded that the exclusions con-

tained in Defendant-Appellee's policy were valid."

Appellant argues the exclusion clause under Part C of the policy is invalid since appellant paid for uninsured motorist coverage and the exclusion is in direct conflict with the statutory language of R.C. 3937.18. The Ohio Supreme Court stated the basic purpose of R.C. 3937.18 in *Shearer v. Motorists Mut. Ins. Co.* (1978), 53 Ohio St. 2d 1, 6-7 when it stated "'*** It "is designed to protect persons injured in automobile accidents from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated." ***'" Appellant argues the contractual exclusion clause barring appellant from coverage contravenes the legislature's intent to provide uninsured motorist coverage to an injured insured. The appellant contends that since her husband paid for coverage to encompass the scenario that ultimately occurred, the appellee's clause, Part C, which excludes coverage on the basis of vehicular ownership or use violates the legislative intent of R.C. 3937.18 and should be found to be void as being against public policy.

Additionally, appellant argues R.C. 3937.18 was enacted to apply to persons, not vehicles, and therefore the exclusion clause issued by appellee should be void as against public policy. Appellant claims subsection A of R.C. 3937.18 makes it clear that uninsured motorist coverage is to be provided for the protection of persons. Appellant contends the appellee, through Part C, is attempting to circumvent the purpose behind R.C. 3937.18 of protecting persons, by using the definition of a motor vehicle to determine when uninsured motorist coverage would apply. Appellant argues the exclusion clause provided in the appellant's policy attempts to unreasonably contravene the intent of the legislature by limiting coverage to a group of persons that only the insurer selects, which circumvents the statute and is void and against public policy. Therefore, the appellant asserts that she is entitled to coverage under the uninsured motorist provisions of the policy issued by the appellee.

Additionally, appellant claims the aforementioned provisions of the insurance policy herein are conflicting and ambiguous and are therefore to be construed in appellant's favor, citing *Faruque v. Provident Life and Acc. Ins. Co.* (1987), 31 Ohio St. 3d, 34. Appellant contends an inconsistency exists between the liability coverage provision and the uninsured motorist provision of appellant's policy; in that, the appellant is excluded from the liability coverage for the operator of the vehicle based upon the intrafamilial exclusion under the endorsement issued in Part A, and the appellee claims the operator of the vehicle, the appellant's husband, does not qualify as an uninsured motorist even though no insurance is available. Therefore, appellant contends this ambiguous inconsistency in the policy must be construed to provide uninsured motorist coverage to the appellant.

The appellee argues the exclusionary language contained in the uninsured motorist portion of the insurance policy in question is not in conflict with R.C. 3937.18 and cites to the Ohio Supreme Court's holding in *Dairyland Ins. Co. v. Finch* (1987), 32 Ohio St. 3d 360. The facts in *Dairyland, supra* are factually similar to the instant case. Mrs. Finch was a passenger in an automobile operated by her husband which was involved in an accident, wherein Mrs. Finch sustained injury. The Dairyland Insurance Co., Mrs. Finch's insurer, denied liability based on an intrafamilial exclusion in the liability portion of the policy and a similar exclusion under the uninsured portion of the policy which read, "'A *motor vehicle* owned by *you* or furnished for *your* regular use isn't an uninsured *motor* vehicle.'" *Dairyland, supra* at 362. The court in *Dairyland* determined the exclusions were clear and unambiguous and concluded that the intrafamilial exclusion was neither void as against public policy nor in conflict with R.C. 3937.18. Therefore, appellee contends the trial court was proper in granting the appellee's motion for summary judgment in concluding that *Dairyland, supra* was the controlling case law.

However, it is the opinion of this court that *Dairyland, supra* is not controlling herein because the appellee did not list the provision upon which it relies in the exclusion section of Part C, but rather in the definition's portion. In the Third District Court of Appeals decision in *Smith v. Heritage Mut. Ins. Co.* (1988), 48 Ohio App. 3d 67, 69 the court declared that the insurance company:

"*** has, by *definition only* and not by a specific exclusion, narrowed the statutory definition of what is an uninsured motor vehi-

cle by specifically excluding an insured vehicle owned by, furnished to, or available for regular use by the insured or a relative.

"This attempt by the insurance company to limit coverage is by an impermissible means since it is a limiting definition of the term uninsured motor vehicle diminishing the statutory term. This term has a definite and unambiguous meaning and necessarily includes a motor vehicle owned by the insured and which either has no liability coverage or as to which the insurance company denied coverage. ***

"An insurer cannot issue policies that offer less coverage than is mandated by statute. An insured may specifically contract to exclude coverage for a specific occurrence or to a specific person but it cannot do so by redefining statutory language."

The policy language under which the appellee relies should have been placed under the exclusion section. Sufficiently, if an insurance company wants to exclude someone from coverage, they should put that exclusion under the portion of the contract that is titled "exclusions", that is where a reasonable person would look to see what type of coverage they do not have.

Therefore, the appellant's assignment of error is with merit. The judgment of the trial court is reversed and this cause is remanded for further proceedings according to law and consistent with this opinion.

O'NEILL, P.J., dissents.
DONOFRIO, J., concurs.

O'NEILL, P.J., dissenting:

I respectfully dissent to the majority opinion. The initial reason for my dissent is based upon authority expressed by the Supreme Court in syllabus number two of *Dairyland Ins. Co. v. Finch* (1987), 32 Ohio St. 3d 360, which reads as follows:

"Public policy does not prevent the issuance and enforcement of an automobile liability insurance policy containing a reasonable exclusionary clause, within the uninsured motorist provision, prohibiting intrafamilial recovery of damages against the issuer of the policy.***."

The majority sets forth as its reason for differing this case from *Dairyland* case was "because the appellee did not list the provision upon which it relies in the exclusion section of Part C, but rather in the definitions portion." Part C of the policy, which is the basis of this case, takes up at page 5 of the eleven pages under bold-faced captions stating "Uninsured Motorist Coverage." Part C continues to page 6 of the eleven pages. Under INSURING AGREEMENT - a covered person is defined. This definition is preceded by bold-faced print.An uninsured motor vehicle is defined. The definition is preceded by the bold-faced print "Uninsured Motor Vehicle" and the closing portion of the insuring agreement reads as follows:

"However, uninsured motor vehicle does not include any vehicle or equipment: (1) owned by or furnished or available for the regular use of you or any *family member*." (Emphasis added.

Immediately following the definition of an "Uninsured Motor Vehicle" appears another portion of the insuring agreement under bold-faced capital letters "EXCLUSIONS." As a part of this portion of the policy, it is stated:

"We do not provide uninsured motorist coverage for bodily injury sustained by any person: (1) while occupying, or when struck by, any motor vehicle owned by you or any family member which is not insured for this coverage under this policy. ***"

The majority states that an exclusion under a portion of the contract should appear under that portion of the contract titled "Exclusions" for that is where a reasonable person would look to see what coverage they do not have. The same argument could be raised that an insured should look at an insuring agreement to see what kind of coverage they do have. Supreme Court faced a similar issue in *Hedrick v. Motorists Mut. Ins. Co.* (1986), 22 Ohio St. 3d 42, wherein the Supreme Court stated, in its syllabus:

"An insurance policy provision which denies uninsured motorist coverage, when bodily injury is sustained by any person while *occupying a motor vehicle owned by an insured* but which vehicle is not specifically insured under the policy, is a valid exclusion."

An insurance policy must be construed, if practicable, so that the whole instrument may stand; and when reasonably possible, effect and meaning should be given to each and every sentence, clause and word of the contract of insurance. The reason for this rule is

that in construing an insurance policy every word in the document is presumed to have a purpose, and it should not be assumed that any of the words used are superfluous. 57 Ohio Jurisprudence 3d 339-341, Insurance, Sec. 279.

"*** '[w]hen words used in a policy of insurance have a plain and ordinary meaning, it is neither necessary nor permissible to resort to construction unless the plain meaning would lead to an absurd result.***' ***" *Blohm v. Cincinnati Ins. Co.* (1988), 39 Ohio St. 3d 63, 66.

I would affirm the judgment of the trial court.