## Colonial Penn Insurance Co.
### v.
### Wright
*[Cite as 4 AOA 85]*

*Case No. 1-88-56*
*Allen County, (3rd)*
*Decided June 21, 1990*

*Messrs. Williams, Jilek & Lafferty, Mr. Drew R. Masse, Attorneys At Law, 500 Toledo Legal Building, 416 North Erie Street, Toledo, Ohio 43624-1696, for Appellants.*

*Messrs. Gallagher, Sharp, Fulton & Norman, Mr. John B. Robertson, Attorneys At Law, Bulkley Building, Sixth Floor, 1501 Euclid Avenue, Cleveland, Ohio 44115, for Appellee.*

COLE, J.

This is an appeal from a judgment of the Common Pleas Court of Allen County wherein that court, on motion of the Colonial Penn Insurance Company for summary judgment, granted such motion and rendered judgment in favor of Colonial Penn Insurance Company. A notice of appeal was filed on behalf of the defendants and the appeal is now before us on the record, briefs, and oral argument by counsel for appellee, Colonial Penn Insurance Company (hereinafter called simply "Colonial").

Underlying the immediate dispute presented to the trial court was an automobile collision occurring on November 1, 1985 wherein certain injuries occurred. An automobile involved in that collision was driven by a Diane L. Wright, whose sister, Marian F. Wright, had rented the vehicle from the "Big 'I' Auto Sales Inc." (hereinafter "Big 'I'"), which in turn, through the U-Save Auto Rental of America, carried a policy of liability insurance on the involved car with the appellee Colonial. Colonial on June 30, 1988, filed its complaint (later amended) for a declaratory judgment in the trial court against Diane L. Wright, Marian Wright, the Big "I" Auto Sales and Rental, and others seeking a declaration that it was under no obligation to provide a defense, nor to indemnify Marian Wright nor Diane Wright in any of the lawsuits resulting from the collision, to find both had breached the terms of the rental agreement with the Big "I", and the terms of the policy of insurance and that neither were entitled to claim any rights under the policy.

On September 14, 1988, the trial court found that there was no genuine issue as to any material fact and that Colonial was entitled to judgment as a matter of law.

The judgment does not directly define or set forth the legal relationships, but does so indirectly by finding the plaintiff was entitled to the relief prayed for in paragraph 1 through 5 of the amended petition.

As noted, the defendants then appealed this judgment asserting a single assignment of error as follows:

"*Assignment of Error I*

"The court below erred in granting summary judgment to Plaintiff-Appellee for the reasons that genuine issues of material fact were presented as to the applicability of liability coverage provisions of the subject insurance policy to the facts of the case and such decision was contrary to R.C. 4509.51 and the public policy of affording victims of tortious conduct a forum to redress their claims."

It should be noted that the only defendants joining issue in this court on the merits are a representative of a decedent, and an injured party, both who were passengers in cars involved in the collision other than the car rented to Marian Wright.

Although there is but one assignment of error, there are several grounds urged by the appellant in support of it.

1. It is asserted that there are genuine issues of fact concerning the application of the insurance policy to the facts here involved. It is asserted that reasonable minds could differ on the issue whether or not, at the time of the accident, Marian and Diane Wright were "insureds" under the terms of the policy.

The pertinent clause under the policy is set forth as follows:

"D. Who is insured.

"1. *You* are an *insured* for any covered *auto.*

"2. Anyone else is an *insured* while using with *your* permission a covered *auto* you own * * *."

It will be noted that the insured (the "you") is the Big "I" Auto Rental, by endorsement added to the policy.

Endorsement 4(E) further states:

"E. Additional Exclusion. This policy does not apply:

"1. To the rentee while a covered auto is used or operated in violation of the terms and conditions of the rental agreement under which the auto is rented."

A rentee is a holder of a bailment rental agreement providing for the holder's authorized use of an auto in effect at the time of the accident. In this case, as later set forth, the rentee was Marian Wright.

This becomes pertinent for it is clear from the evidence submitted that the auto here involved was operated in violation of the subsequent rental agreement.

On November 1, 1985, Marian Wright accompanied by Diane Wright, her sister, went to the Big "I" to rent a vehicle. Diane had no driver's license and never had had one. It was Marian who sought to rent the car. It was there that she signed the Rental Agreement which had in it the following:

"Any person other than the rentee or any additional drivers listed are unauthorized to drive or use this vehicle for any purpose."

Diane Wright was not listed nor proposed as an additional driver. Further on page 2 of the agreement (reverse of page 1) the following appears:

"3. Vehicle shall not be operated by any person other than Customer and those persons listed as additional drivers on Page 1 of this agreement. If vehicle is obtained from Lessor by fraud or misrepresentation (including false statements of Customer of false authorized driver information), all use is without Lessor's permission."

A Mr. Flanagan, representing Big "I" was present and conducted the transaction. Marian Wright told him she would be the only person driving the car. Flanagan explained to her that she would be the only one covered by insurance and that no-one else was to drive the car.

The problem here presented began to evolve later that day. Diane sought her sister's permission to use the car. Marian did not respond, but Diane took the keys and left, a fact known to Marian. An accident thereafter occurred, the car being driven by Diane in the city traffic at a high rate of speed, through a red intersection light, colliding with another vehicle.

Appellant now asserts that a genuine issue of fact exists as to coverage. We do not agree. The record quite clearly shows without contradicting evidence that the rental contract was entered into by and between Marian Wright and Big "I". Diane was neither the listed insured, nor was she an added driver. Under endorsement 4(E) the policy does not apply if the car is operated in violation of the terms of the rental agreement. Here the rental agreement prohibited operation by any person other than the customer (Marian) and persons listed as additional authorized drivers (none listed).

Furthermore, Marian was fully aware her sister was using the car and made no effort to admonish her or to prohibit such use. Under Endorsement 4(E) the policy ceased to apply to Marian.

Diane was not an insured and the policy does not apply to Marian as to the accident since the car was operated in violation of the terms of the rental agreement. Under neither the terms of the policy nor the terms of the rental agreement was power give to Marian Wright to extend permission to Diane Wright to use the vehicle.

2. The appellants further assert that the agents and principals of Big "I" knew or should have known, that Diane L. Wright would be an additional driver, or were reckless in that regard. This conclusion is based only on the fact that Diane accompanied her sister when the rental agreement was made. The mere presence of Diane in no way leads to such an inference. The record at the most demonstrates that Diane conversed briefly with Flanagan, the agent, but not about the transaction at hand. No reasonable inference could be drawn from the facts presented that would sanction this argument.

3. Appellant asserts that Marian was not told of her own exposure to personal liability in the event she allowed an unauthorized driver to use the car. The contract and its negotiation was concerned with limiting the use of the car to an authorized driver, not to advise Marian except as to the terms of the contract. This was clearly done, not once but several times. Appellant further asserts there was no copy of the insurance policy in the possession of Flanagan at the time Marian Wright signed the contract of rental. There is no evidence Marian requested to see the policy. There is nothing to demonstrate any prejudice to the appellants as a result of this.

4. It is further asserted that the judgment of the court below was against public policy as embodied and exemplified by the Finanacial Responsibility Act (R.C. 4509.31). There is in that act no provision for compulsory insurance, only for insurance to be obtained by the owner of the vehicle in the event certain conditions occur. *Moyer v. Aron* (1964), 175 Ohio St. 490.

There are no facts here presented invoking this requirement, and we are presented with no reason to declare such a far reaching public policy. That is at the most a task for the legislature to consider.

Appellants further assert the applicability of R.C. 4509.51. This, too, is not pertinent and no public policy here applicable is involved. *Bob-Boyd Lincoln Mercury v. Hyatt* (1987), 32 Ohio St. 3d 300. We conclude that the assignment of error is not well taken.

*Judgment affirmed*

EVANS, P.J., and GUERNSEY, J., concur.