ERD, a Minor, et al.

v.

SNYDER;  Westfield Insurance Company, Third–Party
Plaintiff;  Snyder et al., Third–Party Defendants.

Court of Common Pleas of Ohio,
Wood County.

No. 93CV017.

Decided March 7, 1994.

*Brown, Schlageter, Craig & Schindler* and *Martin J. Holmes,* for Raymond Erd, a minor, and Rebecca Erd, his mother.

*Ritter, Robinson, McCready & James, Timothy C. James* and *Mark P. Seitzinger,* for Westfield Insurance Company.

*Meister, Ayers & Meister Co., L.P.A., Marc J. Meister* and *Mark J. Metusalem,* for Rodney D. Snyder.

*Steven C. Roach,* for Cincinnati Insurance Company.

CHARLES F. KURFESS, Judge.

This matter comes before the court on third-party defendant Rodney D. Snyder's motion for summary judgment filed December 27, 1993, and the memoranda in support and opposition thereto.

The matters relevant to this action arise out of an accident which occurred on September 9, 1991. In the late afternoon of that day, the defendant, Steven R. Snyder, while driving a 1972 Chevrolet Impala owned by his father, third-party defendant Rodney D. Snyder, was involved in an accident which injured the passenger, Raymond Erd. Steven was driving with a temporary instruction permit, the application for which had been signed by his father.

Under these circumstances, pursuant to R.C. 4507.07(B), the negligence of defendant Steven R. Snyder is imputed to his father, third-party defendant Rodney D. Snyder, unless proof of financial responsibility is established in the amounts as required under R.C. Chapter 4509.[1] In order to comply with the

---

1. R.C. 4507.07(B) provides:

"Any negligence, or willful or wanton misconduct, that is committed by a minor under eighteen years of age when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of the minor for a probationary license or restricted license, which person shall be jointly and severally liable with the minor for any damages caused by the negligence or the willful or wanton misconduct. This joint and several liability is not subject to division (D) of section 2315.19 of the Revised Code with respect to a negligence claim that otherwise is subject to that section.

statute and avoid the imputation of negligence, Rodney D. Snyder had obtained liability insurance through Cincinnati Insurance Company in conformance with this section.

Third-party defendant Rodney D. Snyder was made a party to this action by defendant Westfield Insurance Company, which claims that Mr. Snyder is responsible for the negligence of his son through the imputation of liability under R.C. 4507.07(B). In contravention to this claim, Mr. Snyder maintains that inasmuch as he has complied with the provisions of R.C. 4507.07(B) with regard to proof of financial responsibility, there is no imputation of his son Steven's negligence to him and he is therefore entitled to summary judgment.[2]

"Proof of financial responsibility" is defined in R.C. 4509.01(K):

" 'Proof of financial responsibility' means proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle in the amount of twelve thousand five hundred dollars because of bodily injury to or death of one person in any one accident, in the amount of twenty-five thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of seven thousand five hundred dollars because of injury to property of others in any one accident."

The Ohio Supreme Court has determined the purpose of the financial responsibility statute in *Bob–Boyd Lincoln Mercury v. Hyatt* (1987), 32 Ohio St.3d 300, 303, 513 N.E.2d 331, 335, as follows:

" 'The Ohio Act has as its object the protection of the public from financially irresponsible motorists who have proved unwilling or unable to satisfy a judgment arising from an automobile accident. The statute embodies a "one-bite" approach to achieving this purpose by permitting motorists the privilege of driving without any proof of financial responsibility until they incur an accident related judgment and fail to satisfy it within 30 days.' " (Emphasis deleted.) *Bob–Boyd Lincoln Mercury* at 303, 513 N.E.2d at 335, quoting *Duffey v. Dollison* (C.A.6, 1984), 734 F.2d 265, 269.

---

"There shall be no imputed liability imposed under this division, if a minor under eighteen years of age has proof of financial responsibility with respect to the operation of a motor vehicle owned by the minor or, if the minor is not the owner of a motor vehicle, with respect to the minor's operation of any motor vehicle, in the form and in the amounts as required under Chapter 4509. of the Revised Code."

**2.** It is not argued nor is there any question that Rodney D. Snyder obtained insurance beyond the minimum amounts for the automobile involved in the accident and that his son, defendant Steven R. Snyder, was a "covered person" under the policy.

**16**

Therefore, the intent of the statute is to ensure that individuals who are harmed in an accident are compensated and that those who are responsible are able to meet that liability in a minimum way.

While third-party defendant Rodney D. Snyder obtained appropriate liability insurance as required by R.C. 4507.07(B), that policy, in relevant part, sets forth an exclusion that the insurance company does not provide liability coverage "for any person using a vehicle without a reasonable belief that that person is entitled to do so." The issue for determination then becomes whether defendant Steven R. Snyder had a reasonable belief that he was entitled to use the automobile of third-party defendant Rodney D. Snyder at the time of the accident giving rise to this action.

■ The underlying legal question generated by R.C. 4507.07(B) and Cincinnati Insurance's policy is: Can third-party defendant Rodney D. Snyder use the existence of his liability insurance policy with Cincinnati Insurance Company to avoid the imputation of his son's negligence to him, even if a provision of exclusion in the insurance contract excludes coverage from the accident at hand? This court thinks not. A responsible adult signing the application for a driver's license for a minor under age eighteen for a probationary or restricted license has not established proof of financial responsibility by obtaining the liability insurance policy in the amounts as required under R.C. Chapter 4509 with regard to any negligence of the minor if a provision of the liability insurance contract denies coverage at the time of such negligence.

The scenario then unfolds in two possible alternatives. First, if Steven R. Snyder had a "reasonable belief" that he was entitled to drive the 1972 Impala at the time of the accident, then he would have proof of financial responsibility and his negligence would not be imputed to his father.[3] However, if Steven R. Snyder did not have a "reasonable belief" that he was entitled to drive the 1972 Impala at the time of the accident, then he would not have proof of financial responsibility and his negligence would be imputed to his father. Therefore, to be granted summary judgment, third-party defendant Rodney D. Snyder needs to establish that his son, Steven R. Snyder, did have a reasonable belief that he was entitled to drive his father's auto at the time of the accident.

■ To establish that one is entitled to summary judgment, the movant must establish that (1) there is no genuine issue as to any material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party

---

3. This determination would apparently make Cincinnati Insurance Company responsible in the accident on September 9, 1991.

against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Establishment of such undisputed facts may be gleaned from the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any. Civ.R. 56(C). A review of the relevant material reveals that there is a genuine issue of material fact relating to whether Steven R. Snyder had a reasonable belief of his permission to drive the 1972 Impala involved in the accident herein.

In a deposition conducted on Tuesday, January 26, 1993, Steven R. Snyder, when questioned about permission to use the vehicle, stated the following:

"CROSS–EXAMINATION

"By Mr. James:

" * * *

"Q. Okay. Did he [Rodney D. Snyder] ever say to you that you were never to drive the Impala or the Blazer without him being with you?

"A. I don't know.

"Q. Okay. You don't remember having any discussions with him at all before September of 1991 about when you could or could not drive the cars?

"A. Not that I remember.

"Q. Okay. Did you feel that it was okay to take the Impala on that day and drive it with Raymond Erd?

"A. I guess, yeah.

"Q. Okay. So you felt that you had permission to do that, right?

"A. My own permission.

" * * *

"CROSS–EXAMINATION

"By Ms. Meister:

"Q. Did you ever have permission from your father to operate any of his vehicles prior to the September 9, 1991 accident?

"A. No.

"Q. Okay. You testified earlier that you got on a school bus and you went to the—it took you to the high school, and then you walked back to the house, and

you testified that you drove the Impala. This occurred before the September 9, 1991 accident?

"A. Right.

"Q. Why is it that you went to the lengths of taking a bus—riding a bus to the high school and walking all the way back to your house?

"A. Because—so my Dad thought I went to school on the bus and he wouldn't know if I come back and took the car.

"Q. So the bottom line is your Dad never knew that you took the car.

"A. Right.

" * * *

"FURTHER CROSS–EXAMINATION

"By Mr. James:

" * * *

"Q. Okay, just one last time, did you feel that you had permission to use that car, the Chevrolet Impala, in September 9 of 1991?

"A. Yeah.

" * * *

"FURTHER CROSS–EXAMINATION

"By Ms. Meister:

"Q. I just want to clarify for the record, Steven, you say you thought you had permission to drive the car from yourself. Do you know what the word impliedly means?

"A. Implied?

"Q. Implied.

"A. Yes.

"Q. Your father at no time gave you implied permission to use the car, did he?

"A. No.

"Q. I'm sorry?

"A. No."

According to the exclusion in third-party defendant Rodney D. Snyder's insurance policy with Cincinnati Insurance Company, the company will not provide liability coverage for any person "using a vehicle without a reasonable belief that that person is entitled to do so." From this language, the court should review the permission question primarily from the perspective of the person using the vehicle. Viewing the language from that perspective, it is this court's determination that the testimony from Steven R. Snyder's deposition raises doubt as to whether he had a reasonable belief of his permission.[4]

There is, therefore, a genuine issue of material fact which must be determined by the jury as to whether Steven R. Snyder had a reasonable belief that he was entitled to drive the auto at the time of the accident and the determination of this fact is material to whether third-party defendant Rodney D. Snyder had established proof of financial responsibility by the ability to meet the financial obligations resulting from the accident, or failing such, having the negligence of his son imputed to him.

Therefore, finding that there are genuine issues of material fact, and that the movant is not entitled to judgment as a matter of law, and that reasonable minds could come to more than one conclusion based on Steven R. Snyder's deposition, third-party defendant Rodney D. Snyder's motion for summary judgment is not well taken.

IT IS THEREFORE ORDERED that third-party defendant Rodney D. Snyder's motion for summary judgment is denied.

*So ordered.*

---

4. In addition to the ambiguity from defendant Steven R. Snyder's testimony, third-party defendant Rodney D. Snyder's affidavit, provided in defendant/third-party plaintiff Westfield's summary judgment motion, alleged that he did not give permission to his son to use the automobile.