[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of defendant-appellee, State Farm Insurance Company ("State Farm"), on State Farm's counterclaim and cross-claim for declaratory judgment. Plaintiffs-appellants, Deborah and Jesus Laberdie, now raise a single assignment of error from that judgment:
 "The Common Pleas Court erred in granting Defendant State Farm's Motion for Summary Judgment, [sic] Plaintiffs are entitled to receive uninsured motorist benefits."
The relevant facts of this case are undisputed. On August 16, 1993, Deborah Laberdie was the front seat passenger in her own car, a 1990 Dodge Spirit, which was operated by her sixteen year old son, Douglas Chagolla. At that time, Chagolla was not a fully licensed driver but was driving pursuant to a temporary instruction permit which Deborah Laberdie had co-signed under the provisions of R.C. 4507.07. As Chagolla was attempting to make a left hand turn, the car he was driving was hit by a car traveling in the opposite direction. As a result of the accident, Laberdie sustained three fractures of her hip region and Chagolla was determined to be at fault.
At the time of the accident, Laberdie was the named insured under an automobile insurance policy issued by State Farm. Under the terms of that policy, Chagolla was also an insured. That policy provided liability coverage limits of $100,000 per person, $300,000 per accident and provided in pertinent part:
"We will:
 "1. pay damages which an insured becomes legally liable to pay because of:
"a. bodily injury to others * * *
"* * *
 "caused by accident resulting from the ownership, maintenance or use of your car; and
"2. defend any suit against an insured for such damages * * *."
The liability provision of the policy, however, further provided:
"THERE IS NO COVERAGE:
"* * *
"2. FOR ANY BODILY INJURY TO:
"* * *
 "c. ANY INSURED OR ANY MEMBER OF AN INSURED'S FAMILY RESIDING IN THE INSURED'S HOUSEHOLD."
The policy further provided Laberdie with uninsured motorist coverage limits of $100,000 per person, $300,000 per accident. That coverage reads in relevant part:
 "We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.
"* * *
 "An uninsured motor vehicle does not include a land motor vehicle:
 "1. insured under the liability coverage of this policy;
 "2. furnished for the regular use of you, your spouse
or any relative[.]"
On July 3, 1995, Deborah and Jesus Laberdie filed a complaint in the lower court against State Farm and Douglas Chagolla. The first and second counts of the complaint were directed toward Chagolla and asserted claims for negligence and negligence per se for Chagolla's violation of Toledo Municipal Ordinance Section 331.10. In the third count of the complaint, Deborah Laberdie asserted a claim against State Farm for coverage under the uninsured motorist provisions of the aforementioned insurance policy. Specifically, Laberdie asserted that pursuant to the policy, Chagolla was uninsured due to the fact that his liability insurance policy limits were insufficient to compensate Laberdie for the injuries and damages which she suffered. Finally, in the fourth count of the complaint, Jesus Laberdie, Deborah's husband, asserted a claim for loss of consortium. On December 29, 1995, State Farm filed a counterclaim and cross-claim for declaratory judgment which was amended on April 8, 1996. State Farm sought a declaration that, pursuant to the terms of the policy at issue, it was not obligated to extend liability coverage to Douglas Chagolla or otherwise defend or indemnify him for the claimed injuries of Deborah Laberdie and the derivative claim of Jesus Laberdie. State Farm further sought a declaration that Deborah and Jesus Laberdie were not entitled to collect uninsured motorist benefits under the policy for claims arising out of the August 16, 1993 accident.
On November 8, 1996, State Farm filed a motion for summary judgment on its declaratory judgment counterclaim and cross-claim. Appellants filed a memorandum in opposition and on April 10, 1997, the trial court released its opinion and judgment entry granting State Farm summary judgment. Initially, the court concluded that because the policy at issue specifically excludes liability coverage for personal injuries claimed by the named insured, State Farm was not obligated to extend liability coverage to Chagolla or otherwise defend or indemnify him for the claims made by Deborah and Jesus Laberdie. The court then considered whether the Laberdies had a valid claim for uninsured motorist benefits under the policy and concluded that they did not. In reaching this conclusion, the court held that because Chagolla was driving on a probationary license which had been signed by Deborah Laberdie, Chagolla's negligence was to be imputed to Deborah unless Chagolla had proof of financial responsibility with respect to the operation of the motor vehicle. Because a valid liability exclusion existed, as set forth above, the court concluded that Chagolla did not have proof of financial responsibility and that his negligence was therefore imputed to Laberdie. Accordingly, the court held that because Laberdie would essentially be suing herself, her claim was not recognized by Ohio tort law and the Laberdies could not collect under the uninsured motorist provisions of the policy. The court, therefore, granted summary judgment to State Farm on its counterclaim and cross-claim. By operation of the court's ruling, appellants' claims against Chagolla were also extinguished. It is from that judgment that appellants now appeal.
In their sole assignment of error, appellants challenge the trial court's grant of summary judgment to State Farm and assert that they are entitled to collect uninsured motorist benefits under the policy at issue. In contrast, State Farm asserts that as a matter of law, specifically R.C. 4507.07, Laberdie is responsible for the negligent driving of her son and as such she cannot maintain a claim for uninsured motorist benefits.
In reviewing a ruling on a summary judgment motion, this court must apply the same standard as the trial court. LorainNatl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Moreover, the moving party is required to "specifically delineate the basis upon which summary judgment is sought * * *." Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, syllabus. Once the moving party sets forth specific reasons for summary judgment, the nonmoving party bears a reciprocal burden to produce evidence on any element essential to his case for which he bears the burden of proof at trial. Celotex Corp. v.Catrett (1986), 477 U.S. 317, 322-323.
The court below relied on R.C. 4505.07 to conclude that the Laberdies did not have a valid claim for uninsured motorist benefits. That statute provides that an application for a probationary license of a minor under eighteen years of age shall not be granted unless the application is signed by a parent or legal guardian of the minor. The statute then reads in relevant part:
 "(B) Any negligence, or willful or wanton misconduct, that is committed by a minor under eighteen years of age when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of the minor for a probationary license or restricted license, which person shall be jointly and severally liable with the minor for any damages caused by the negligence or the willful or wanton misconduct. This joint and several liability is not subject to division (D) of section 2315.19 of the Revised Code with respect to a negligence claim that otherwise is subject to that section.
 "There shall be no imputed liability imposed under this division, if a minor under eighteen years of age has proof of financial responsibility with respect to the operation of a motor vehicle owned by the minor or, if the minor is not the owner of a motor vehicle, with respect to the minor's operation of any motor vehicle, in the form and in the amounts as required under Chapter 4509. of the Revised Code."
The trial court concluded that because, pursuant to a valid liability exclusion, Chagolla did not have liability coverage for the accident at issue, he did not have proof of financial responsibility and his negligence was imputed to Deborah Laberdie, who had signed his application for a probationary driver's license. In reaching this conclusion, the trial court relied on the following language from Erd v. Snyder (C.P. 1994), 64 Ohio Misc.2d 13,16: "A responsible adult signing the application for a driver's license for a minor * * * has not established proof of financial responsibility by obtaining the liability insurance policy in the amounts as required under R.C. Chapter 4509 with regard to any negligence of the minor if a provision of the liability insurance contract denies coverage at the time of such negligence." Accordingly, the trial court determined that whether a driver has proof of financial responsibility depends on the driver's insurance relationship to the victim at the time of the accident. We do not find this to be a proper interpretation of the statute.
R.C. 4509.01(K) defines "proof of financial responsibility" as:
 "* * * proof of ability to respond in damages for liability, on account of accidents
occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle in the amount of twelve thousand five hundred dollars because of bodily injury to or death of one person in any one accident, in the amount of twenty-five thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of seven thousand five hundred dollars because of injury to property of others in any one accident." (Emphasis added.)
R.C. 4509.101(A)(1) then provides: "No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to his operation of that vehicle." Whoever violates this statute is subject to numerous civil penalties. R.C.4509.101(A)(2). Under the lower court's and State Farm's interpretation of R.C. 4505.07, a minor would be considered driving without proof of financial responsibility, and thus subject to civil penalties, when accompanied by the parent who signed his license application and obtained liability and uninsured motorist insurance which covered both the parent and the minor driver. We do not believe that this was the intent of the General Assembly in enacting the financial responsibility laws. Rather, under the clear language of R.C. 4507.07(B), the minor driver must have proof of financial responsibility "with respect to the minor's operation of any motor vehicle," not with respect to a particular accident. This interpretation is bolstered by the fact that R.C. 4901.01(K) uses the plural "accidents" rather than the singular "accident." In the present case, Chagolla had that insurance. It was only due to Laberdie's status as a named insured that she was denied coverage under the liability provisions of the policy. We therefore conclude that Chagolla had proof of financial responsibility, as that term is defined by the applicable statutes, and, therefore, his negligence could not be imputed to Laberdie under R.C. 4507.07.
Our review of this case, however, does not end with that conclusion, for appellants assert that they are entitled to coverage under the uninsured motorist provision of their policy with State Farm and the trial court concluded that they were not entitled to that coverage. In State Farm Auto. Ins. Co. v.Alexander (1992), 62 Ohio St.3d 397, at the syllabus, the Supreme Court of Ohio held that: "An automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law." In so holding, the court invalidated a policy exclusion (the "household exclusion"), identical to the one herein, which eliminates uninsured motorist coverage for vehicles which are insured under the liability coverage of the policy. Subsequently, in Martin v.Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478, 481, the court further explained Alexander and stated as follows:
 "The rationale of Alexander is not limited to the analyzed exclusion. Instead, this court made clear that R.C. 3937.18 is the yardstick by which all exclusions of uninsured motorist coverage must be measured. Under Alexander, the statute mandates coverage if (1) the claimant is an insured under a policy which provides uninsured motorist coverage; (2) the claimant was injured by an uninsured motorist; and (3) the claim is recognized by Ohio tort law."
State Farm asserts that Alexander and Martin are not applicable to this case. While State Farm has not asserted that a specific policy exclusion applies in this case, we nonetheless find theAlexander tripartite test applies to determine if appellants are entitled to coverage.
Deborah Laberdie was clearly an insured under the policy at issue and that policy provides uninsured motorist coverage. These facts are undisputed. In addition, the parties agreed in the court below, and the trial court held, that under the facts of this case, Chagolla was an uninsured motorist through the valid liability exclusion. Accordingly, the issue to be determined herein is whether the Laberdies have a claim against Chagolla that is recognized by Ohio tort law. We find that they do. InKirchner v. Crystal (1984), 15 Ohio St.3d 326, the Supreme Court of Ohio expressly abolished the doctrine that granted minor children immunity in negligence suits by their parents. Because, under the facts of this case, R.C. 4507.07 does not operate to impute Chagolla's liability to Deborah Laberdie, the Laberdies have a cause of action in negligence against Chagolla. Accordingly, they are entitled to coverage under the uninsured motorist provisions of their policy with State Farm. See Sumwaltv. Allstate Ins. Co. (1984), 12 Ohio St.3d 294. The trial court therefore erred in granting State Farm summary judgment on its declaratory judgment counterclaim and cross-claim and the sole assignment of error is well-taken.
On consideration whereof, the court finds that substantial justice has not been done the parties complaining and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded for further proceedings consistent with this opinion. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.